FILED
MARCH 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TILKIN & CAGEN, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED METAL RECEPTACLE CORP., a foreign corporation, RUBBERMAID COMMERCIAL PRODUCTS LLC, a foreign corporation, and RICHARD WEISS, as agent of UNITED METAL RECEPTACLE CORP., and individually, <br><br> Defendants. | **08 C 1564** <br><br> No. <br><br> JURY TRIAL DEMANDED <br><br> **JUDGE SHADUR** <br> **MAGISTRATE JUDGE DENLOW** |

## COMPLAINT

Plaintiff, TILKIN & CAGEN, INC., by its undersigned counsel, complains against defendants UNITED METAL RECEPTACLE CORP., RUBBERMAID COMMERCIAL PRODUCTS LLC, and RICHARD WEISS, as agent of UNITED METAL RECEPTACLE CORP., and individually, as follows:

### Allegations Common as to All Counts

### The Parties

1. At all times relevant to this Complaint, plaintiff Tilkin & Cagen, Inc. f/k/a Tilkin & Cagen, Ltd. ("Tilkin") was and is an Illinois corporation with its principal place of business at 1805 Spruce Avenue, Highland Park, Illinois. Tilkin is engaged in the business of providing independent sales representation to companies in the trash receptacle and material handling industries, among others, including by obtaining placement of products into the catalogs and websites of industrial distributors who go to market via catalogs.

2. At all times relevant to this Complaint, Defendant United Metal Receptacle Corp. ("United Receptacle") was a Pennsylvania corporation with its principal place of business at 1400 Laurel Blvd., Pottsville, Pennsylvania. At all times relevant to this Complaint, United Receptacle was engaged in the manufacture and supply of waste receptacles, smokers' urns and other like products, and utilized independent sales representatives to market its products. Further, at all times relevant, United Receptacle transacted business in Illinois, including by regularly sending its sales manager into Illinois, and negotiated and was a party to a contract with an Illinois citizen that was substantially performed in, and connected to, Illinois. On information and belief, United Receptacle was acquired by defendant Rubbermaid Commercial Products, LLC in approximately June 2007.

3. At all times relevant to this Complaint, Defendant Rubbermaid Commercial Products, LLC ("Rubbermaid") was a Delaware corporation. Rubbermaid maintains its principal place of business in Winchester, Virginia. Rubbermaid regularly and continually does business in Illinois, and did so at all time relevant to this Complaint, including without limitation by selling products to residents of Illinois through wholesalers and distributors in Illinois.

4. Defendant Richard Weiss ("Weiss") was the President, Chairman, CEO and majority shareholder of United Receptacle at the time of Tilkin's termination in 2007. On information and belief, Weiss is a citizen of Pennsylvania, and maintained an office, at all times relevant to this Complaint, in Pennsylvania. Weiss regularly traveled to Illinois at all times relevant to visit customers, participate in sales calls, and meet with Tilkin, among other functions, and did so, on information and belief, more than 30 times over the last nine years.

2

## Jurisdiction and Venue

5. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000, and plaintiff and defendants are citizens of different states. Accordingly, this Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to this action occurred in this district.

## COUNT I
## BREACH OF CONTRACT/
## PROCURING CAUSE DOCTRINE (United Receptacle/Richard Weiss)

7. Tilkin realleges and incorporates paragraph 1-6 of this Complaint as paragraph 7 of this Count I as though fully set forth herein.

8. At all times relevant to this Complaint, United Receptacle employed outside entities, including Tilkin, to act as independent sales representatives on its behalf. In this manner, United Receptacle established a sales presence throughout the country, and through Tilkin, with numerous leading industrial distributors who sell their products through catalogs and/or websites.

9. In or about 1980, Tilkin entered into an oral sales representative agreement with United Receptacle whereby the parties agreed that Tilkin would work to secure space for the promotion of United Receptacle's products in the catalogs of various distributors throughout the United States in the industrial, hospitality, safety, and healthcare industries (the "industrial distributors"), among others, and to maintain placement of United Receptacle's products in such catalogs on an ongoing basis. Tilkin later assisted in the placement of United Receptacle's products on the websites of industrial distributors with United Receptacle's knowledge and

consent. Tilkin was responsible for procuring the space occupied by United Receptacle's products in most of the industrial distributors' catalogs in which such products appeared, outside of the office supply industry.

10. In return for Tilkin's efforts, the parties agreed that Tilkin would be compensated by commission, computed as a percentage of all of the sales flowing from such industrial distributors, including through their catalogs and eventually their websites (excluding shipping and handling charges and certain rebates offered by United Receptacle to the catalog customers). The commission rate changed over time as agreed by the parties, and as of 2007, was 5.5% on all accounts except two (Upbeat, Inc. and Direct Supply, Inc.), which were commissioned at 2.5%. No customers or accounts of United Receptacle were excluded from the terms of the agreement.

11. Consistent with the oral agreement that governed the entire course of the approximately 28-year relationship between Tilkin and United Receptacle, Tilkin successfully secured and maintained space for United Receptacle products in the national catalogs and websites of various industrial distributors.

12. The catalogs in which Tilkin secured advertising space are published on a recurrent basis, often annually. Once a catalog is produced by a mail order firm, the products contained therein remain available for purchase from that catalog at least until the next such catalog is released. Moreover, customers of the industrial distributors, in addition to purchasing products appearing in the current catalogs, also purchased products appearing in earlier versions of the catalogs, which products they historically purchased, as well as products not appearing in the catalogs at all due to their exposure to United Receptacle's products through Tilkin's efforts in procuring space in the catalogs/websites. Tilkin earned and was paid commissions on all such

sales of United Receptacle's products through its industrial distributor accounts, whether or not such products appeared in the then-current catalogs.

13. The process of placing or securing space for products in a given catalog takes place long before such catalog is produced by an industrial distributor, sometimes as long as a year in advance. Thus, to obtain placement of products appearing in catalogs effective for 2008, Tilkin worked with its industrial distributor clients during 2007. Similarly, Tilkin worked with the industrial distributors during 2006 for those products appearing in the distributors' 2007 catalogs.

14. On or about June 18, 2007, and after continuously representing United Receptacle for approximately 28 years, Weiss informed Tilkin of its termination, effective in thirty days.

15. At the time of its termination, several industrial distributors' catalogs in which Tilkin had secured space for United Receptacle's products were still in print, and the United Receptacle products contained therein remained available for purchase through those catalogs. These catalogs include those produced by: American Hotel Register Co.; Upbeat, Inc.; Direct Supply, Inc.; Grainger Industrial Supply; McMaster-Carr Supply Co.; Cardinal Health Medical Products & Services; C&H Distributors, Inc.; True Value; The Burrows Company; Do It Best Corporation; Alco Sales & Service; Edwards Medical; Barrel Accessories & Supply Co.; Conney Safety Products Co., Inc.; National Hospitality Supply; Ace Hardware Corp.; Concept Communications Col; Promaco, Inc.; Cole Parmer; Rand Material Handling; Mayfair Hotel Supply; and Lab Safety Supply. Prior to its termination, Tilkin had either secured space for United Receptacle's products, or made proposals for the inclusion of United Receptacle products, in these catalogs, among others, for 2008 and beyond.

5

16. On information and belief, Tilkin was paid commissions by United Receptacle on the sales of United Receptacle products by Tilkin's distributor clients through July 17, 2007, including on sales of products appearing in their catalogs and on their websites. However, sales of United Receptacle products continue through those distributors, including from the same catalogs and websites, but United Receptacle has failed and refused to pay Tilkin commissions on such sales in breach of the parties' agreement.

17. These continuing sales of United Receptacle's products through the above-named distributors, including their catalogs and websites, were procured by Tilkin, which secured the space for United Receptacle's products in such catalogs and websites prior to its termination.

18. Additionally, prior to its termination and pursuant to the parties' agreement, Tilkin secured space for United Receptacle's product line in numerous industrial distributors' catalogs and websites that were to be produced and in effect during calendar year 2008. Through these efforts prior to its termination, Tilkin has procured the sales for United Receptacle's products appearing in those catalogs/website throughout 2008 and beyond, and is therefore entitled to receive commissions on such sales for as long as they continue.

19. Although the process of initially obtaining space in a catalog/website for United Receptacle's products is arduous, once Tilkin successfully procures such space, United Receptacle's products will generally continue to be displayed in that catalog as long as they produce sufficient sales volume for the distributor. Therefore, as a result of Tilkin's efforts in securing space for United Receptacle's products in the various catalogs/websites, such products will continue to enjoy placement in those catalogs beyond 2008, and all future sales of United Receptacle products through Tilkin's distributor clients remain commissionable to Tilkin. In

addition, all other United Receptacle products ordered through Tilkin's industrial distributor clients, whether appearing in catalogs/on websites or not, remain commissionable to Tilkin, for had Tilkin not obtained space in those catalogs/websites for United Receptacle, such sales would not have been placed, and the resulting sales revenue would not have been generated.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc., prays that the Court enter judgment in its favor and against Defendant United Metal Receptacle Corporation and Richard Weiss as its agent on Count I of its Complaint, and:

a. Order United Metal Receptacle Corporation and/or Weiss to provide an accounting of all sales of products through the industrial distributors serviced by Tilkin & Cagen, Inc. since July 18, 2007 and for as long as such sales continue, or in the alternative, for as long a period as the trier of fact determines to be reasonable;

b. Award it an amount equal to all commissions determined to be due and owing to Tilkin & Cagen, Inc. based on the continued sales of United Receptacle products through the industrial distributors serviced by it;

c. Order United Metal Receptacle Corporation and/or Weiss to pay commissions to Tilkin & Cagen, Inc. on all future sales of its products through the industrial distributors serviced by Tilkin & Cagen, Inc. for as long as such sales continue, or in the alternative, for as long a period as the trier of fact determines to be reasonable;

d. Award it prejudgment interest on the commissions found due and owing pursuant to 815 ILCS § 205/2; and

e. Award it such further relief as the Court finds just and reasonable.

## COUNT II
## VIOLATION OF ILLINOIS SALES REPRESENTATIVE ACT (United Receptacle)

20. Tilkin realleges and incorporates paragraphs 1-19 of this Complaint as paragraph 20 of this Count II as though fully set forth herein.

21.     At all times relevant to this Complaint, there has been in full force and effect in the State of Illinois the "Sales Representative Act," 820 ILCS 120/0.01 *et seq.* (the "Act"), which governs the payment of commissions to "sales representatives" by their "principals" upon termination of the sales rep-principal relationship.

22.     United Receptacle is a "principal" as defined by the Act, 820 ILCS § 120/1(3), in that at all times pertinent United Receptacle: (a) manufactured, produced, or distributed products for sale; (b) contracted with sales representatives to solicit orders for those products; and (c) compensated the sales representatives, in whole or in part, by commission.

23.     Tilkin is a "sales representative" as defined by § 120/1(4) of the Act, in that Tilkin contracted with United Receptacle to solicit orders of United Receptacle's products, was to be compensated for its efforts by payment of commission from United Receptacle, did not place orders or make purchases for its own account, and was not an "employee" of United Receptacle as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

24.     The Act, at § 120/2, provides that:

> All commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due. Any provisions in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void.

Furthermore, the Sales Rep Act, at § 120/3, provides that:

> A principal who fails to comply with the provisions of § 2 concerning timely payment or with any contractual provision concerning timely payment of commissions due upon the termination of the contract with the sales representative, shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative. Additionally, such principal shall pay the sales representative's reasonable attorney's fees and costs.

25. United Receptacle's various failures and refusals as described above constitute willful violations of the Act, and as a direct and proximate result of such violation, Tilkin has suffered and will continue to suffer serious economic injury.

26. Notwithstanding that United Receptacle has been duly paid for the product it shipped to customers solicited by Tilkin pursuant to the parties' contract, United Receptacle has withheld the commissions owed on such product without any valid justification or defense, and continues to withhold such payment. In willfully refusing to pay the commissions due and owing to Tilkin, United Receptacle has acted in bad faith and in violation of the Act.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc. prays that the Court enter judgment in its favor and against Defendant United Metal Receptacle Corporation on Count II of its Complaint, and:

a) Find United Metal Receptacle Corporation's various failures and refusals to constitute a violation of the Act;

b) Order United Metal Receptacle Corporation to provide an accounting of all sales of its products through the industrial distributors serviced by Tilkin & Cagen, Inc. from and since July 18, 2007 and for as long as such sales continue, or in the alternative, for as long a period as the trier of fact determines to be reasonable;

c) Award it an amount equal to those commissions that are determined to be due and owing to Tilkin & Cagen, Inc;

d) Award it as exemplary damages a further amount equal to three (3) times those commissions determined to be due and owing pursuant to 820 ILCS 120/3;

e) Award its reasonable attorneys' fees and costs pursuant to 820 ILCS 120/3;

f) Award it prejudgment interest on such commissions awarded under par. (c) above pursuant to 815 ILCS § 205/2; and

g) Award it such further relief as the court finds just and reasonable.

## COUNT III
## UNJUST ENRICHMENT/QUANTUM MERUIT (Rubbermaid)

27. Tilkin realleges and incorporates paragraphs 1-19 of this Complaint as paragraph 27 of this Count III as though fully set forth herein.

28. On information and belief, the assets of United Receptacle were acquired by defendant Rubbermaid Commercial Products, LLC in or about June 2007 for approximately $40.5 million. These assets included the space occupied by United Receptacle's products in the various industrial distributors' catalogs and websites, which space was obtained by and through the services rendered by Tilkin, as well as the revenue stream resulting from the sales of those products through the catalogs.

29. Since June 2007, Rubbermaid has continued to fill all orders for United Receptacle products purchased through the catalogs/websites in which Tilkin obtained space for United Receptacle's products. Rubbermaid has also continued to fill all other orders for United Receptacle's products from the distributors serviced by Tilkin, even for United Receptacle products which did not appear in any catalogs or websites. Rubbermaid has realized a benefit by securing and keeping for itself all of the revenue and profits derived from such sales, including the commissions on such sales that had previously been paid to Tilkin, and will continue to realize this benefit for as long as it sells United Receptacle products through the industrial distributors obtained and serviced by Tilkin.

30. Rubbermaid has failed to compensate Tilkin for the value of the services it provided, the fair value of which is 5.5% of the sales of United Receptacle products (and 2.5% of sales to Upbeat, Inc. and Direct Supply, Inc.) through the industrial distributors obtained and

10

serviced by Tilkin since at least July 17, 2007, which sales were realized and accepted by Rubbermaid.

31. Rubbermaid's retention of the benefits of Tilkin's service in securing space for United Receptacle products in the various industrial distributors' catalogs/websites is unjust and violates principles of equity and good conscience. Rubbermaid is realizing and enjoying as a windfall the revenue it would not have otherwise received but for the efforts and services of Tilkin, without the payment of fair commissions to Tilkin.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc., prays that the Court enter judgment in its favor and against Defendant Rubbermaid Commercial Products, LLC on Count III of its Complaint, and:

    a. Order Rubbermaid Commercial Products, LLC to provide an accounting of all sales of United Receptacle products through the industrial distributors serviced by Tilkin & Cagen, Inc. from and since June 2007 and for as long as such sales continue, or in the alternative, for as long a period as the trier of fact determines to be reasonable;

    b. Award it the reasonable value of its unpaid services in an amount to be established at trial, but in excess of $75,000;

    c. Order Rubbermaid Commercial Products, Inc. to pay to Tilkin & Cagen, Inc. the reasonable value of its services on all future sales of United Receptacle products through the industrial distributors obtained and serviced by Tilkin & Cagen, Inc. for as long as such sales continue, or in the alternative, for as long a period as the trier of fact determines to be reasonable; and

    d. Award it such further relief as the Court finds just and reasonable.

## COUNT IV
## UNJUST ENRICHMENT (United Receptacle/Weiss)

32. Tilkin realleges and incorporates paragraphs 1-8 and 12-15 of this Complaint as paragraph 32 of this Count IV as though fully set forth herein.

33. During the parties' approximately 28-year relationship, Tilkin successfully secured and maintained space for United Receptacle products in the national catalogs (and websites) produced and maintained by industrial, safety, healthcare and hospitality supply distributors. United Receptacle received the sales revenue from Tilkin's efforts, and Tilkin was compensated by payment from United Receptacle of a commission on all sales flowing through such industrial distributors, including through their catalogs and websites (excluding shipping and handling charges and certain rebates offered by United Receptacle to the catalog customers). At the time of its termination on June 17, 2007, Tilkin's commission rate was 5.5% on all such orders, except for two accounts (Upbeat, Inc. and Direct Supply, Inc.) which were commissioned at 2.5%.

34. On information and belief, the assets of United Receptacle were acquired by defendant Rubbermaid Commercial Products, LLC in or about June 2007 for approximately $40.5 million. These assets included both the space occupied by United Receptacle's products in the various industrial distributors' catalogs and websites, which space was obtained for United Receptacle by and through the services rendered by Tilkin, and the continuing revenue stream from sales of those (and other) United Receptacle products.

35. On information and belief, a portion of the price paid by Rubbermaid for United Receptacle's assets reflected the value of such catalog and website space and the projected revenue stream which would continue to flow from the sale of products through such catalogs and websites. At the time of its termination, the projected annual sales from Tilkin's efforts were approximately $7.2 million.

36. Additionally, prior to its termination, Tilkin secured space for United Receptacle's product line in numerous industrial distributors' catalogs and websites that were to be produced and in effect during calendar year 2008. Through these efforts prior to its termination, Tilkin has procured the sales for United Receptacle's products appearing in those catalogs/websites throughout 2008 and beyond, and is therefore entitled to receive commission on such sales for as long as they continue.

37. Although the process of initially obtaining space in a catalog/website for United Receptacle's products is arduous, once Tilkin successfully procures such space, United Receptacle's products will generally continue to be displayed in that catalog as long as they produce sufficient sales volume for the distributor. Therefore, as a result of Tilkin's efforts in securing space for United Receptacle's products in the various catalogs/websites, such products will continue to enjoy placement in those catalogs beyond 2008, and all future sales of United Receptacle products through Tilkin's distributor clients should be commissionable to Tilkin. In addition, all other United Receptacle products ordered through Tilkin's industrial distributor clients, whether appearing in catalogs/on websites or not, should be commissionable to Tilkin, for had Tilkin not obtained space in those catalogs/websites for United Receptacle, such sales would not have been placed, and the resulting sales revenue would not have been generated.

38. Notwithstanding that its sale price was based in part on Tilkin's $7.2 million of projected annual sales, United Receptacle and/or Weiss did not pay any amount to Tilkin from the proceeds it received from Rubbermaid. Meanwhile, Rubbermaid has refused to pay Tilkin any commissions on sales of United Receptacle products after the acquisition, even though it now receives the revenue stream from the catalog and website sales developed by Tilkin. Had

United Receptacle not been acquired by Rubbermaid, Tilkin would have been due from United Receptacle a continuing commission of 5.5% (or 2.5 % for two accounts) on these sales. By failing to compensate Tilkin for that portion of the revenue it received from Rubbermaid in exchange for handing over the revenues from the projected sales procured by Tilkin's efforts, United Receptacle and/or Weiss has received a larger than entitled benefit, to the detriment of Tilkin.

39.     The retention of this windfall benefit by United Receptacle and/or Weiss is unjust and violates principles of equity and good conscience by allowing United Receptacle and/or Weiss to realize and enjoy revenue it would not have otherwise received but for the efforts and services of Tilkin, but without the payment of fair commission to Tilkin.

40.     The fair value of Tilkin's services is approximately 5.5% of the amount paid to United Receptacle by Rubbermaid for the projected revenue stream which would continue to flow from the sales of products through the catalog and website space procured by Tilkin.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc., prays that the Court enter judgment in its favor and against Defendant United Metal Receptacle Corporation and Richard Weiss as its agent, on Count IV of its Complaint, and:

   a.   Order United Metal Receptacle Corporation and/or Weiss to provide an accounting of the compensation it received from Rubbermaid Commercial Products, Inc. for those assets relating to the efforts and services of Tilkin & Cagen, Inc;

   b.   Award it the reasonable value of its unpaid services in an amount to be established at trial, but in excess of $75,000; and

   c.   Award it such further relief as the Court finds just and reasonable.

## COUNT V
## SHAREHOLDER LIABILITY (Richard Weiss)

41. Tilkin realleges and incorporates paragraphs 1-19 and 33-40 of this Complaint as paragraph 41 of this Count V as though fully set forth herein.

42. On information and belief, Weiss has at all times relevant hereto been the majority shareholder of United Receptacle.

43. On information and belief, United Receptacle has been dissolved under the applicable provisions of Pennsylvania law, and its assets have been distributed to its shareholders, including Weiss.

44. At all times relevant hereto, there has been in full force and effect 15 Pa.C.S. §1979(b), which provides in relevant part that:

> The dissolution of a business corporation shall not affect the limited liability of a shareholder of the corporation theretofore existing with respect to transactions occurring or acts or omissions done or omitted in the name of or by the corporation except that, subject to subsection (d) and sections 1992(d) (relating to claims barred) and 1993(b)( relating to claims barred), if applicable, each shareholder shall be liable for his pro rata portion of the unpaid liabilities of the corporation up to the amount of the net assets of the corporation distributed to the shareholder in connection with the dissolution.

That statute further provides:

> A shareholder of a dissolved business corporation, the assets of which were distributed under section 1975(c) (relating to winding up and distribution) or 1997 (relating to payments and distributions), shall not be liable for any claim against the corporation in an amount in excess of the shareholder's pro rata share of the claim or the amount so distributed to the shareholder, whichever is less. The aggregate liability of any shareholder of a dissolved corporation for claims against the dissolved corporation shall not exceed the amount distributed to the shareholder in dissolution.

15 Pa.C.S. § 1979(c).

15

45. Consistent with 15 Pa. C.S. § 1979, Weiss is personally liable to Tilkin for those amounts found to be due and owing according to his pro-rata share of Tilkin's claims, or the amount which he received as a distribution from United Receptacle, whichever is less.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc., prays that the Court enter judgment in its favor and against Defendant Richard Weiss, individually, on Count V of its Complaint, and:

a. Award it the reasonable value of the commissions due and owing to it, or the value of its unpaid services, as established at trial, either in an amount which represents the pro-rata share of Richard Weiss of such claim or the amount which he received in distribution from United Metal Receptacle Corporation, whichever is less, but in excess of $75,000; and

b. Award it such further relief as the Court finds just and reasonable.

## COUNT VI
## UNJUST ENRICHMENT (Richard Weiss)

46. Tilkin realleges and incorporates paragraphs 32-40 of this Complaint as paragraph 46 of this Count VI as though fully set forth herein.

47. On information and belief, Weiss has at all times relevant hereto been the majority shareholder of United Receptacle.

48. On information and belief, United Receptacle has been dissolved under the applicable provisions of Pennsylvania law, and its assets have been distributed to its shareholders, including Weiss.

49. The assets distributed to Weiss from United Receptacle included that portion of the purchase price Rubbermaid paid to United Receptacle for the catalog/website space obtained by Tilkin for United Receptacle's products, as well as the projected continuing revenue stream that would be realized from sales from such catalog/website placements.

50.  Although the sale price of United Receptacle, and the assets distributed by United Receptacle to Weiss, were based in part on the $7.2 million of projected annual sales resulting from Tilkin's efforts, neither United Receptacle nor Weiss has paid any amount to Tilkin from the proceeds they received from Rubbermaid. By failing to compensate Tilkin in the amount of its 5.5% standard commission for the revenue received from Rubbermaid in exchange for the projected sales procured by Tilkin's efforts, Weiss has received a benefit in the form of extra compensation which he otherwise would not have realized or enjoyed.

51.  Weiss's retention of this benefit is unjust and violates principles of equity and good conscience as he has realized and enjoyed compensation he would not have received but for the efforts and services of Tilkin, and without the payment of fair commissions to Tilkin.

52.  The fair value of Tilkin's services is approximately 5.5% of the amount distributed to Weiss by United Receptacle based on the $7.2 million of projected annual sales from Tilkin's efforts, which United Receptacle received from Rubbermaid for the purchase of the catalog and website space procured by Tilkin and the projected revenue stream which would continue to flow from the sales of products through such catalogs and websites.

WHEREFORE, Plaintiff Tilkin & Cagen, Inc., prays that the Court enter judgment in its favor and against Defendant Richard Weiss, individually, on Count VI of its Complaint, and:

a.  Award it the reasonable value of its unpaid services in an amount to be established at trial, but in excess of $75,000; and

b.  Award it such further relief as the Court finds just and reasonable.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

                                                Respectfully submitted,

                                                **TILKIN & CAGEN, INC.**

                                                By: /s/ Adam J. Glazer
                                                          One of Its Attorneys

Adam J. Glazer, Attorney No. 6199294
David S. Makarski, Attorney No. 6237604
Schoenberg Finkel Newman & Rosenberg, LLC
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606
(312) 648-2300