```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

TILKIN & CAGEN, INC.,              )
                                   )
                  Plaintiff,       )
                                   )
     v.                            )     No.  08 C 1564
                                   )
UNITED METAL RECEPTACLE CORP.,     )
et al.,                            )
                                   )
                  Defendants.      )
```

MEMORANDUM ORDER

This Court has just received a notice of motion brought by two of the three defendants in this action to seek their dismissal, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), from several counts of the Complaint filed by Tilkin & Cagen, Inc. ("Tilkin"). This memorandum order has not been triggered by that motion, as to which this Court expresses no substantive views at this point, but rather by a jurisdictional flaw in the Complaint that this Court should have spotted--but did not catch--when the action was first assigned to its calendar. In that respect our Court of Appeals regularly reconfirms (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)) that judicial policing of subject matter jurisdiction is a compulsory and continuing responsibility.

Here Tilkin seeks to invoke federal jurisdiction on diversity of citizenship grounds. For that purpose it has properly identified its own dual corporate citizenship (Complaint ¶1) and that of corporate defendant United Metal Receptacle Corp.

(Complaint ¶2), as well as the citizenship of individual defendant Richard Weiss (Complaint ¶4). But as to nonmoving defendant Rubbermaid Commercial Products LLC ("Rubbermaid"), Tilkin speaks only of the jurisdictionally irrelevant factors of Rubbermaid's state of formation and of the location of its principal place of business (Complaint ¶3).

It is certainly time that complaints such as the present one should trigger an automatic dismissal when counsel for a plaintiff in a diversity action clearly fails to carry the plaintiff's burden of establishing subject matter jurisdiction where any party (on either side of the "v." sign) is a limited liability company. In July of this year a full decade will have elapsed since our Court of Appeals meticulously spelled out the requirements in that regard (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006) and Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle, and there appears to be no reason to treat Tilkin differently from other parties that have committed the same offense just because this Court did not note the defect at the outset. Hence this

action is dismissed for want of Tilkin's proper establishment of subject matter jurisdiction. Nonetheless, if a timely motion were to be filed under Rule 59(e) demonstrating that the requisite diversity is in fact present, this Court would consider granting such a motion on condition that Tilkin pay into court, as a fine, the same $350 amount that would be required as a filing fee for any newly-filed action (a separate action that Tilkin's counsel would otherwise have to bring).

Despite this order of dismissal, counsel for the parties are expected to appear at the June 9 motion presentment date referred to in Tilkin's notice. If it were to appear at that time that the Rule 12(b)(6) dismissal motion is clearly meritorious, any subsequent Rule 59(e) motion brought by Tilkin--assuming that Tilkin and Rubbermaid are indeed of diverse citizenship--would be granted only as between those parties.

_____
        Milton I. Shadur
        Senior United States District Judge

Date:   June 4, 2008